**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DOUGLAS STALLEY as Guardian of the
Property of Benjamin Edward Hintz,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:11-cv-1870-Orl-19DAB**

**ALLSTATE INSURANCE COMPANY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR PAYMENT OF COSTS AND ACTUAL EXPENSES INCURRED AS A RESULT OF ALLSTATE INSURANCE COMPANY'S REMOVAL (Doc. No. 52)**
>
> **FILED:** June 11, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Following removal, Plaintiff filed a motion to remand which raised numerous issues (Doc. No. 21). The District Court, however, did not reach any of the issues raised by Plaintiff as it determined that it was without subject matter jurisdiction over the action (Doc. No. 51). Therefore, the Court found Plaintiff's remand motion to be moot and remanded the case to the state court. *Id.* Plaintiff

now seeks its costs, including attorney's fees and post-judgment interest, under 28 U.S.C. § 1447(c).[1] Defendant Allstate objects (Doc. No. 53), and the matter has been referred to the undersigned United States Magistrate Judge. It is **respectfully recommended** that the motion be **DENIED** pursuant to *Jenkins v. Allstate Ins. Co.,* 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008) (Antoon, J.), and *Curran v. State Farm Mut. Auto Ins. Co.,* 2009 WL 2003157 (M.D. Fla. Jul. 2, 2009) (Antoon, J.) (denying fees on remand to state court on similar facts).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 2, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] That section provides:
 c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
28 U.S.C.A. § 1447. As is clear, the award of costs and expenses is discretionary.